IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY D. ENWERE,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURIE B. HILLER, ET AL,<br><br>    Defendants.<br>_____/ | No. C 11-00645 JSW<br><br>**ORDER RE OUTSTANDING MOTIONS** |

On February 11, 2011, *pro se* Plaintiff Cathy Enwere filed a complaint alleging "illegal misconduct" and invasion of privacy, among other things, against attorney Laurie Hiller and her employer, Sauer & Wagner. In her complaint, Plaintiff claims that Hiller misused information during a discovery dispute hearing before Magistrate Judge Trumbull and at various other points during *Enwere v. Terman Associates, L.P.*, No. C 07-1239 JF (PVT) ("the Underlying Action"). (Complaint at 1-6.) Hiller was an attorney representing various defendants in the Underlying Action.

At the time she filed her complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis*, which was granted on March 30, 2011. On March 2, 2011, Plaintiff filed a motion to appoint counsel, requesting that the Court appoint counsel to help her prosecute her case. She also filed letters on March 17 and March 18, 2011 that appear to be in support of that motion.

Defendants appeared on March 10, 2011 and filed a motion to dismiss Plaintiff's complaint for failure to state a claim and a motion to strike the complaint in its entirety based on California Code of Civil Procedure § 425.16 (California's anti-SLAPP statute).[1] On March 24, 2011, Plaintiff filed a motion to amend her complaint and a "Motion to Dismiss All Motions Against Plaintiff to Strike Them Local Civil Rule 5-16." On March 31, 2011, Defendants filed objections to Plaintiff's motions.

On April 5, 2011, Plaintiff filed a "Motion for Summary Judgment Notice of Motion and Motion to Consider Case Should be Authentic Governing Rule ADR Local Rules (16) & (6)."

After Defendants declined to proceed before a magistrate judge, this case was reassigned to this Court. On April 7, 2011, Defendants filed replies to their motions to dismiss and to strike and objections to Plaintiff's motion for summary judgment. The Court has, in addition, received numerous filings from Plaintiff on the outstanding motions and objections.

The Court shall address each motion in turn.

**ANALYSIS**

**A.     Plaintiff's Motion to Appoint Counsel.**

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent a person who is unable to afford counsel. Unless a party may lose her physical liberty if she loses the case, there is generally no constitutional right to an attorney in a civil action. *See Lassiter v. Dep't of Soc. Serv. of Durham Cnty., N.C.*, 452 U.S. 18, 25 (1981); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (citation omitted). Nonetheless, the court may request counsel under § 1915(e)(1), but only in "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether "exceptional circumstances" exist, the trial court should evaluate (1) the likelihood of the indigent party's success on the merits and (2) the indigent party's ability to articulate her claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quotations and citation omitted).

---

[1] "SLAPP" stands for "strategic lawsuit against public participation." *See Hilton v. Hallmark Cards*, 580 F.3d 874, 880 n.1 (9th Cir. 2009).

2

Here, Plaintiff contends that the Court must appoint counsel for her because (1) she cannot afford counsel and (2) she has been disabled due to a "mental condition" for the last sixteen years. While Plaintiff is indeed indigent, the Court does not find that her situation constitutes "exceptional circumstances" warranting a request for counsel. First, the Court finds that Plaintiff is not likely to succeed on the merits of her case. Her suit is based on a discovery dispute in the Underlying Case in which she was a plaintiff. (Complaint; *Enwere v. Terman Associates, L.P.*, No. C 07-1239 JF (PVT)). In that case, Magistrate Judge Trumbull presided over all discovery related issues, held numerous oral arguments regarding discovery disputes, and issued a number of discovery orders. As a result of her failure to provide foundational information regarding her claims and her "multiple conscious decisions to violate or disregard lawful court orders," the District Court dismissed Plaintiff's substantive claims with prejudice. *Id.* Based on Plaintiff's allegations in this matter, it appears that the District Court and Magistrate Judge Trumbull have already considered and disposed of the underlying factual basis for her present claims. Therefore, it does not seem likely that she will succeed on the merits.

Second, Plaintiff's complaint and subsequent fillings with this court suggest that she has some difficulty articulating her arguments. (*See, e.g.,* Complaint; Motion to Appoint Counsel; Motion to Amend Complaint; Motion to Dismiss All Motions.) Notwithstanding the difficulty, the Court is able to decipher the general factual and legal foundations for her claims. Moreover, Plaintiff's claims arise from Defendants' alleged illegal disclosure of information during a discovery dispute before Magistrate Judge Trumbull in the Underlying Case – a factual and legal scenario that is not particularly complex. As a result, although Plaintiff may have some difficulty articulating her claims, the Court does not find that this difficulty, in light of the complexity of the issues involved, warrants a request for counsel. Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

**B.     Defendants' Motion to Dismiss, Motion to Strike, and Plaintiff's Motion to Amend.**

On March 24, 2011, Plaintiff filed a motion to amend her complaint. On March 31, 2011, Defendants filed an objection to her motion stating that the motion did not conform with

3

1 the local rules and that under California law, Plaintiff is barred from filing an amended
2 complaint while a motion to strike pursuant to California's anti-SLAPP statute is pending
3 before the court. (Objection at 2-3.)

4 Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend her complaint as
5 a matter of course within 21 days of serving the original complaint or, "if the pleading is one to
6 which a responsive pleading is required, ... 21 days after service of a motion under Rule 12(b),
7 (e), or (f)." A plaintiff may not, however, amend her complaint before the court rules on a
8 pending anti-SLAPP motion. *See Salma v. Capon*, 161 Cal. App. 4th 1275, 1280 (2008).

9 Here, Defendants filed their motions to dismiss and strike on March 10, 2011. Plaintiff
10 styled her filing to amend her complaint as a motion even though Federal Rule of Civil
11 Procedure 15(a)(1) provides her the right to amend her complaint once as a matter of course if
12 she had done so by March 31, 2011.[2] She attached a complete copy of her proposed first
13 amended complaint. Because Plaintiff filed her amended complaint before March 31, 2011 and
14 she had not previously amended her complaint, she may file her first amended complaint as a
15 matter of course, unless there is an anti-SLAPP motion pending before the court. Fed. R. Civ.
16 P. 15(a)(1). The question thus becomes whether Defendants' anti-SLAPP motion is properly
17 before the Court.

18 California's anti-SLAPP statute does not apply to federal claims. *See Hilton v.*
19 *Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009). Thus, to the extent that Plaintiff asserts
20 only violations of state law, the Court would lack subject matter jurisdiction to hear the case
21 because the parties are not diverse. To the extent that Plaintiff alleges only violations of federal
22 law, the court cannot hear Defendants' anti-SLAPP motion. *Id.* Even if Plaintiff alleges some
23 state claims and some federal claims, Defendants' anti-SLAPP motion would only apply to the
24 state claims. *See Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 63 F. Supp. 2d 1127,
25 1129-1130 (N.D. Cal. 1999). With this in mind, the Court questions whether Defendants'

---

[2] The Court must construe *pro se* filings liberally. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). Thus, while Plaintiff improperly identified her filing as a motion rather than simply as an amended complaint as Rule 15 entitles her to do, the Court must construe the filing liberally.

4

pursuit of dismissal via an anti-SLAPP motion is the best method to challenge Plaintiff's complaint, particularly where a motion under Federal Rule of Civil Procedure 12 seems adequate. The Court would prefer, as a procedural matter, to rule on a renewed motion to dismiss the proposed amended complaint.

In any event, the Court orders the parties to submit supplemental briefing regarding whether the Court may hear and rule on Defendants' anti-SLAPP motion. Defendants may file a supplemental brief of no longer than five pages by no later than June 17, 2011 and Plaintiff may file a reply, not to exceed five pages, by no later than July 1, 2011. The hearings on the motions is HEREBY VACATED and shall be reset by further order, only if necessary.

If the Court cannot hear Defendants' anti-SLAPP motion and Plaintiff is therefore entitled to amend her complaint as a matter of course, Defendants' current motion to dismiss would be moot because it is directed at Plaintiff's initial complaint. The Court will evaluate whether Plaintiff may amend her complaint following the supplemental briefing from the parties. However, the Court encourages Defendants to accept the proposed amended complaint and renew their motion to dismiss. In this way, the Court may squarely address the merits of the defenses without the unnecessary distraction of the current procedural complications presented by the order of the filings in this matter.

**C.    Plaintiff's Motion to Dismiss All Motions.**

On March 24, 2011, Plaintiff filed a document entitled "Motion to Dismiss All Motions Against Plaintiff to Strike Them Local Civil Rule 5-16." Defendants filed an objection on March 31, 2011 stating that her motion was not properly noticed under the local rules and that as a result, the Court should remove the motion hearing from its calendar or continue oral argument on the motion to a later date. (Objection at 1-2.)

Mindful that courts must construe *pro se* filings liberally, Plaintiff's motion appears to be an opposition to Defendants' motions to dismiss and strike, rather than a distinct motion. Therefore, the Court construes Plaintiff's motion to dismiss as an opposition to Defendants' motions to dismiss and strike.

5

**D. Plaintiff's Motion for Summary Judgment.**

On April 5, 2011, Plaintiff filed a "Motion for Summary Judgment Notice of Motion and Motion to Consider Case Should be Authentic Governing Rule ADR Local Rules (16) & (6)." Plaintiff noticed the motion for oral argument on April 21, 2011. Under Civil Local Rule 7-2, all motions must be noticed for hearing not less than 35 days after service of the motion. Plaintiff noticed her motion for summary judgment for only 16 days after service of her motion. As a result of the failure to set the hearing with adequate time for response and because the motions to dismiss, to strike, and to amend are still pending, the Court dismisses Plaintiff's motion for summary judgment without prejudice. If the Court denies Defendants' motions to dismiss and strike, Plaintiff may resubmit her motion for summary judgment. However, though she is a *pro se* litigant, Plaintiff is admonished that she must comply with the Federal Rules of Civil Procedure, the Northern District's Civil Local Rules, and this Court's standing orders. The Court admonishes Plaintiff that the Court may strike from the record future submissions that do not comply with these rules.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel is DENIED. In this regard, the Court advises Plaintiff that she may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

(2) The parties shall submit supplemental briefing regarding the Court's ability to consider Defendants' anti-SLAPP motion according to the schedule set forth above. In the alternative, Defendants may indicate they accept the filing of the amended complaint and pursue a renewed motion to dismiss the amended complaint.

(3) The Court construes Plaintiff's "Motion to Dismiss All Motions Against Plaintiff

6

to Strike Them Local Civil Rule 5-16" as an opposition to Defendants' motions to dismiss and strike.

(4) Plaintiff's motion for summary judgment is DENIED without prejudice.

(5) The hearings on the motions are VACATED, thus mooting Defendants' motion to appear by telephone at the hearing.

**IT IS SO ORDERED.**

Dated: June 3, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ENWERE et al,

        Plaintiff,

  v.

HILLER et al,

        Defendant.
_____/

Case Number: CV11-00645 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

Dated: June 3, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk